FRANK O. JOHNSON, *as Administrator, etc.*, **v.** MOSES
W. RICHARDSON, *as Trustee, etc.*

No. 13,259.   ( 73 Pac. 113.)

SYLLABUS BY THE COURT.

CONVEYANCE—*Fraud*—*Vacation of Judgment.* A fraudulent
grantee, whose title has been divested and restored to the grantor
or a trustee appointed by the grantor, by a judgment of the
district court on service by publication, who afterward applies
and has the judgment tentatively opened that he may defend,
and answers that the grantor conveyed the lands to him to de-
fraud the creditors of the grantor, states no reasons for setting
aside the judgment.

Error from McPherson district court; M. P. SIMP-
SON, judge.   Opinion filed July 10, 1903.   Affirmed.

*Frank O. Johnson, G. P. Cline,* and *Osmond & Cole,*
for plaintiff in error.

*D. P. Lindsay,* and *H. L. Harding,* for defendant in
error.

The opinion of the court was delivered by

GREENE, J. : Moses W. Richardson, as trustee for
Charles Richardson, under the will of Rosa Baker
Richardson, recovered a judgment in the district
court of McPherson county against Joshua Baker,
quieting the title to certain real estate in the trustee.
Service was had on Joshua Baker by publication.
Afterward, and within three years, Frank O. John-
son, as administrator, made application to have the
judgment opened and to be permitted to defend.
He served the proper notice and filed the necessary
affidavits therefor, and also filed therein his answer,
as such administrator, alleging, in substance : That
the real estate held in the name of Joshua Baker, the

title to which had been set aside in the action, was conveyed to him by Moses W. Richardson in fraud of the creditors of Moses W. Richardson, Rosa Baker Richardson, and the Showalter Mortgage Company, a corporation in which Moses W. Richardson was a stockholder and director; that Joshua Baker had died in Rio Janeiro insolvent; that during his lifetime, for a valuable consideration, he had sold all of the lands described in plaintiff's petition and conveyed the same by warranty deed, and that his estate is liable to his grantees on such warranties. The court below accepted this answer as a defense and tentatively opened the judgment and heard the evidence, but refused to set aside the judgment, and rendered judgment for costs against the administrator, from which he prosecutes error to this court.

The answer shows that by the judgment of the court the title had passed back to the estate from which it is said it had fraudulently passed to Baker, and stands liable to the creditors of that estate. That is where it should be. What claim had Baker to demand of a court that it restore to him that which he admits he held only in fraud of the rights of the creditors of his grantor? The only reason given by the administrator in the answer was that prior to his death Baker conveyed these lands by warranty deed, and his estate is liable on this contract of warranty. To this there are two answers: First, if Baker during his lifetime parted with his title and interest in the property, the administrator can have no interest in the litigation; second, if he died insolvent, his estate will not suffer seriously from any liability that may exist on his contract of warranty.

The statement in the answer that the title was

placed in Baker for the purpose of defrauding the creditors of the grantor is not a ground for relief from the judgment.

Having no other interest in the real estate than that of a fraudulent grantee, the judgment of the court refusing to set aside the judgment which canceled that title is affirmed.

All the Justices concurring.